UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BL VENTURES d/b/a BL VENTURES, LLC, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:20-CV-139-DCP ) |
| APEX MEDICAL, d/b/a TN PREMIER CARE, et al., | ) ) ) ) |
| Defendants. | ) |

**ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 21].

Now before the Court is Plaintiffs' Motion to Compel Responses to Discovery Requests and Incorporated Memorandum in Support [Doc. 30] and Plaintiffs' Motion for Leave to File Supplemental Memorandum in Support of Plaintiffs' Motion to Compel Responses to Discovery [Doc. 34]. Both Motions raise a number of issues with Defendants' responses to Plaintiffs' Interrogatories and Requests for Production of Documents ("Discovery Requests"). Defendants did not directly respond to Plaintiffs' Motions, but in their response [Doc. 36] to Plaintiffs' Motion to Amend the Scheduling Order [Doc. 31], Defendants assert that they supplemented their document production on March 9, 2021, the parties had discussed entering into a protective order, and that Defendants have offered to allow Plaintiffs' counsel to view and copy any documents that they would like to copy. In addition, Defendants state that in the event Plaintiffs deem the document production deficient, they will work to correct any perceived deficiency.

The undersigned finds an additional meet and confer is necessary in this case to narrow the discovery disputes pending before the Court. For instance, Plaintiffs argue in their Motions that Defendants failed to attach documents to Defendants' document production. This issue is capable of being resolved without the Court's intervention and may have been resolved by Defendants' March 9 supplementation. In addition, it appears that part of the issue is that the parties have not finalized a protective order. Finally, the Court notes that several of Defendants' responses to Plaintiffs' Interrogatories include boilerplate objections and that several of Defendants' responses to the Requests for Document Production are not in accordance with Federal Rule of Civil Procedure 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection.").

Accordingly, the Court **ORDERS** the parties to engage in a meaningful meet and confer in attempt to resolve or narrow the discovery disputes pending before the Court within fourteen (14) days of the instant Order. The Court discourages relying solely on emails or letters to conduct this meet and confer as such practice is usually an exercise in futility. The Court **ORDERS** the parties to file a joint status report outlining any remaining disputes within seven (7) days of the parties' meet and confer.

**IT IS SO ORDERED.**

ENTER:

*/s/ Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge