UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| BL VENTURES DBA BL VENTURES, LLC, REGREY, LLC AND LJG 32, LLC<br><br>**Plaintiffs,**<br><br>v.<br><br>APEX MEDICAL, LLC DBA TN PREMIER CARE, IAN CLARKE AND TN PREMIER CARE, LLC,<br><br>**Defendants.** | No.: 3:20-cv-139 |

## STIPULATED PROTECTIVE ORDER

This matter comes before the Court on joint motion and stipulation by Plaintiffs/Counter-Defendants BL Ventures d/b/a BL Ventures, LLC ("BL Ventures") and its general partners, Regrey, LLC ("Regrey") and LJG 32, LLC ("LJG") and Defendants/Counter-Plaintiffs Apex Medical, LLC ("Apex Medical"), Ian Clarke ("Clarke") and TN Premier Care, LLC ("TN Premier Care") (collectively the "Parties") and consistent with applicable law, and for good cause shown, the Court enters the following stipulated protective order ("Protective Order").

The Parties acknowledge that this Protective Order governs disclosure and discovery activity in *BL Ventures, et al. v. Apex Medical, LLC, et al.*, No. 3:20-cv-139 (E.D. Tenn.) (the "Action"). This Protective Order is binding on all parties and their counsel in the Action as well as any other case(s) subsequently made part of this Action.

Disclosure and discovery activity in this Action are likely to involve production of confidential, trade secret, proprietary, commercially sensitive, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this Action may be warranted. Accordingly, the parties hereby stipulate and petition the

Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment as outlined below. The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal. To file such information under seal, a party must follow the procedures required by this Court and as set forth below in this Order. *See* E.D. Tenn. Local Rule 26.2(a)–(b) (Sealing of Court Records); Electronic Case Filing Rules & Procedures, E.D. Tenn., Rule 12.2 (Sealed Documents).

The purpose of this Protective Order is to limit the use of information exchanged during the discovery process and in submissions to the Court. The Parties agree and the Court finds that good cause exists for this Protective Order to protect the integrity of this information and the rights of each of the Parties and certain third-parties and to preserve the legitimate proprietary and privacy interests of sources of information that have not been released to the public and which the Parties may seek production of through their respective discovery requests.

Accordingly, it is therefore **AGREED** and **ORDERED** that:

1. This Protective Order shall govern the disclosure and use of confidential documents and information produced in connection with this Action as well as the disclosure of privileged information. All information which has been designated Confidential Information, as defined below, shall be used solely for the prosecution or defense of this Action unless the information is available to the general public or through sources other than the Parties without a breach of the terms of this Protective Order. The measures designated by the Parties in this Protective Order are reasonable and, at this time, are not anticipated to prejudice anyone or unduly burden the Court.

2. For purposes of this Protective Order, the term "Information" means all written recorded, computerized or graphic materials, documents, and information, including Electronically Stored Information, as defined or contemplated by Rule 34 of the Federal Rules of Civil Procedure ("FRCP"), whether produced or created by a party or another person, and whether produced pursuant to the FRCP, subpoena, by agreement, or otherwise, written discovery responses, deposition testimony, transcripts and exhibits.

3. By entering into this Protective Order, the Parties do not intend to waive any claim, defense or objection—including as to any claim of privilege, discoverability, admissibility, relevancy, competency, materiality or authenticity of Confidential Information, as defined in paragraph 9 below, and neither the taking of any action in accordance with the provisions of this Order, nor the failure to object thereto, shall be construed as such a waiver.

## PRIVILEGED INFORMATION

4. Some of the documents and information related to this Action may contain attorney-client privileged communications, attorney work product, or other information protected as "privileged" under the applicable law and not subject to discovery under applicable law ("**Privileged Information**").

5. The inadvertent or unintentional disclosure of any document by any Party in this Action—through material, electronic, or any other means—which is subject to a legitimate claim that the document should have been withheld from disclosure as Privileged Information, and for which no express intention to affirmatively waive the privilege has been stated, shall NOT waive any privilege or other applicable protective doctrine for that document or for the subject matter of the inadvertently disclosed document if the producing Party, upon becoming aware of the

disclosure, promptly requests its return. Each Party shall take reasonable precautions to avoid the inadvertent or unintentional disclosure of Privileged Information.

6. Upon receiving written notice from a producing Party that privileged information has been inadvertently produced, all such privileged information, including summaries and copies, electronic or otherwise, of any such documents, as well as those copies that were provided by the requesting Party to any other parties or non-parties (including, but not limited to, vendors who may have performed services at the direction of the requesting Party), shall be returned or destroyed at the producing Party's option within ten (10) business days of receipt of the request. In the event that the producing Party requests destruction, and subject to the procedure articulated in paragraph 7 below, the requesting Party shall provide written certification of compliance within ten (10) calendar days of such written request. A party that returns or destroys Privileged Information after receipt of notice may retain non-substantive information not claimed to be privileged that is sufficient to identify the document or other information that it returned or destroyed.

7. In the event that the requesting Party disputes the producing Party's claim as to the protected and/or privileged nature of the inadvertently disclosed information, a single set of copies may be sequestered and retained by and under the control of the requesting Party for the sole purpose of seeking court determination of the issue pursuant to Federal Rule of Civil Procedure 26(b)(5)(B). In such an event, the Parties shall attempt in good faith to resolve the dispute. If the Parties are unable to agree on a resolution within ten (10) days of the Parties' good faith attempt to resolve the dispute, the party claiming protection and/or privilege shall move for a protective order with regard to the issues in dispute.

8. Any such Privileged Information inadvertently disclosed by the producing Party to the requesting Party shall be and remain the property of the producing Party.

# CONFIDENTIAL INFORMATION

**Designation of Confidential Information.**

9. "Confidential Information" or Items is information (regardless of how it is generated, stored, or maintained) or tangible things that contains private, commercially sensitive, confidential, trade secret and/or proprietary information, or otherwise qualifies for protection under Federal Rule of Civil Procedure 26(c), including, but not limited to, any document or discovery response consisting of (i) previously undisclosed financial information, (ii) previously undisclosed information of a personal or intimate nature; (iii) previously undisclosed business information, (iv) medical information, or (v) information that will, if disclosed, potentially have the effect of causing harm to the producing party's competitive position.

10. Each Party designating information or items for protection under this Protective Order must take care to limit any such designation to specific qualifying materials. The designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify—so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. If it comes to a designating Party's attention that information or items that it designated for protection do not qualify for protection, that designating Party must immediately notify all other Parties that it is withdrawing the designation.

11. The Parties shall designate as Confidential pursuant to this Protective Order, any originals and copies of documents, writings, materials, written discovery responses, deposition testimony, or things, of any kind (including without limitation materials electronically stored or generated and graphic materials of any type) produced or obtained in discovery, whether from a Party or non-party by marking the legend "***Confidential***", and informing the other Party in writing,

5

at the time of production. Material designated as "Confidential" includes all copies as well as any work product containing information derived from such material (for example, briefs submitted to the Court, charts or memos created by attorneys summarizing or analyzing the contents of Confidential materials). The Parties will use good faith in making such designations.

**Permissible Disclosures of Confidential Information or Confidential Documents.**

12. "Confidential Information" produced in this case, and copies thereof, and the information contained therein may be disclosed to the following persons only:

    a. Counsel of record, their employees, and/or agents, including in-house counsel, who are working on this specific case;

    b. Employees of third-party contractors or vendors hired by a Party or counsel to perform information management in conjunction with this litigation;

    c. The Parties and their insurers or indemnitors provided that they may not reveal Confidential information or materials to anyone who is not listed in this Order to the extent deemed necessary by counsel for the prosecution of this litigation;

    d. Consultants, expert witnesses, and their employees, who are directly employed or retained in connection with this action by counsel or by the Parties;

    e. Mock jurors or focus group members, or agents retained by the Parties or their counsel for this litigation;

    f. Any authors of the Confidential Information;

    g. Any person to whom the Confidential Information belongs;

    h. The Court, Court personnel, court reporters and persons operating video recording equipment at proceedings in this Action, including at depositions;

    i.  Mediator(s) retained by the Parties, including any agent of the mediator(s); or

    j.  Other witnesses or deponents and their counsel, except that such persons may only be shown copies of Confidential information and materials in preparation of and during testimony in depositions, hearings, or trial, and may not retain them.

  13.  Prior to showing or giving "Confidential Information" to a person described in Paragraphs 12(b), (d)-(g), and (i)-(j), such person shall be provided a copy of this Protective Order and obtain from such person an executed copy of the Acknowledgment annexed to this Protective Order as **Exhibit A**. Persons shown Confidential Information shall not use the Confidential Information for any purpose unrelated to this litigation. The signed originals of each Acknowledgement obtained shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel. The identity of any expert or consultant not designated as an expert for trial who signs the Acknowledgement, and the fact that such expert or consultant has signed the Acknowledgment, shall not be discoverable, absent an Order of the Court otherwise. Each individual who receives any Confidential Information and signs the Acknowledgement hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceeding related to the performance under, compliance with, or violation of this Order.

  14.  Nothing in this Protective Order shall prevent disclosure of designated Confidential Information beyond the terms herein if the designating Party specifically consents in advance and in writing to any such disclosure, or if the Court, after notice to all Parties, orders such disclosure.

**Objections to Confidential Information.**

15.     In the event the non-designating Party disagrees with the designation by the designating Party of any Confidential Information, the non-designating Party must notify the designating Party, in writing, of its objection.  Unless a prompt challenge to a designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.  If the Parties fail to resolve such dispute informally within fourteen (14) days of the non-designating Party's written notice, the designating Party shall move for a protective order, or make other informal application to the Court on notice to all Parties, to determine the propriety of the designation, no later than twenty-eight (28) days following receipt of the non-designating Party's written notice.  If the non-designating Party does not object to the designation by the designating Party, the non-designating Party does not waive its right to object to any motion to seal documents containing the Confidential Information if such information is ultimately filed with the Court.

16.     The information designated as Confidential that is the subject of such motion or informal application shall be treated in accordance with its "Confidential" designation pending the Court's decision, and any appeals or writs from the Court's decision.  The designating Party bears the burden of proof that such information is in fact Confidential.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the non-designating Party to sanctions.  Unless the designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as

8

described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**Confidential Information in Depositions and Written Discovery.**

17. A Party may designate deposition testimony and/or exhibits and responses to written discovery as Confidential Information by so indicating in said responses or on the record at the deposition. The court reporter shall include the appropriate confidentiality legend on any transcript, testimony, or exhibit so designated by a Party at the time of the deposition and separately bind any confidential portions. Additionally, a Party may designate in writing, within twenty (20) days after receipt of said responses or of the final deposition transcript for which the designation is proposed, the specific portions of the transcript be treated as Confidential Information. All deposition transcripts shall be treated as Confidential for twenty (20) days after a Party's receipt of the final deposition transcripts to allow time for the making of Confidential designations. Any Party may object to this treatment, in writing or on the record during the deposition. Upon such objection, the procedures described in Paragraphs 15 and 16 above shall apply. After any designation made according to the procedure set forth in this paragraph, the designated information shall be treated according to the "Confidential" designation until the matter is resolved according to the procedures described in Paragraphs 15 and 16 above, and counsel for all Parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the appropriate designation following the resolution of any objections or disputes.

**Confidential Documents in Legal Proceedings.**

18. Documents containing Confidential Information may be filed with the Court under seal, pursuant to the Court's specific procedure:

Court Records or portions thereof shall not be placed under seal unless and except to the extent that the person seeking the sealing thereof shall have first obtained, for good cause shown, an order of the Court specifying those Court Records, categories of Court Records, or portions thereof which shall be placed under seal; provided however, documents that are the subject of a motion to seal may be temporarily placed in the court record under seal pending a ruling on the motion. Unless the Court orders otherwise, the parties shall file with the Court redacted versions of any Court Record where only a portion thereof is to be placed under seal.

L. R. 26.2(b). If the party making the filing also designated the document or information as Confidential, the designating Party must justify the designation in a motion to the Court. *See* ECF Rule 12.2, *supra*. If the non-designating Party moves to file under seal, then in its motion to the Court the non-designating Party shall cite to this Protective Order as the reason for filing the document or information under seal or in redacted form. It shall then be incumbent on the party who so designated the document or information as Confidential to file with the Court, within ten (10) business days of the filing of the motion to file under seal, a response justifying whether or not the document or information should remain under seal.

19. To the extent any Party seeks to file Confidential Information under seal, such Party person may file along with the motion the Confidential Information, which shall be placed in a sealed envelope labeled with:

    a. The style and number of this case; and

    b. The following words: **CONFIDENTIAL: THIS ENVELOPE CONTAINS DOCUMENTS THAT ARE SUBJECT TO THE PROTECTIVE ORDER ENTERED [DATE]**.

20. Nothing in this Protective Order shall preclude the introduction of Confidential Information at trial or hearing assuming the material is otherwise admissible.

## INADVERTENT DISCLOSURE

21. In the event that a Party inadvertently discloses Confidential Information without the proper designation, that Party may request Confidential treatment of such information or documents by submitting written notice to opposing counsel immediately after the discovery of the inadvertent disclosure. Upon receipt of such notice, counsel shall be responsible for marking all previously unmarked copies of the designated material in their possession or control or in the possession or control of any persons identified in Paragraph 12, to whom they have disclosed such copies. To the extent the receiving Party disagrees with the designation, the Parties shall follow the procedure set forth in Paragraphs 15 and 16. Provided, however, that the disclosure of such document by any other party prior to such later designation shall not be deemed a violation of this Order.

## SUBPOENA OF CONFIDENTIAL INFORMATION

22. If at any time any document or information protected by this Protective Order is subpoenaed by any court, administrative or legislative body, or is requested by any other person or entity purporting to have authority to require production of such information, the Party to whom the subpoena or request is directed shall give written notice of the demand the Party that designated the information Confidential Information prior to producing the request information. The Party receiving the subpoena or request shall advise the person or entity serving the subpoena or request of the existence of this Protective Order. The Party receiving the subpoena will not produce the requested materials until the last date for production, if no motion to quash or for a protective order is filed, and if such a motion is filed, not until and unless ordered to do so by a court or other judicial body with authority to issue such an order.

## LIMITATIONS ON USE

23. Confidential Information shall not be exhibited, disseminated, copied, or in any way communicated to anyone (including, but not limited to, any member of the press) for any purpose whatsoever, other than in conjunction with the Action. Except as provided for in this Protective Order, the Parties shall keep all documents or information covered by the terms of this Protective Order from all persons as provided for by the terms of this agreement.

24. Nothing in this Protective Order shall be construed as precluding a Party from seeking additional protection from the Court against the disclosure or production of any other confidential information, including an order that such information not be disclosed or that it be disclosed only in a designated manner.

25. Nothing in this Protective Order precludes or limits a Party from viewing, using, or disclosing its own information, however designated.

26. Nothing shall prevent disclosure beyond the terms of this Protective Order if any Party expressly consents to such disclosure of its Confidential Information either in writing or in the record of any proceeding in this litigation.

27. The Court may modify the terms and conditions of this Protective Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The Parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

28. Nothing in this Protective Order precludes or limits a party from designating, pursuant to the terms of this Protective Order, Confidential Information subject to prior discovery or production in this Action. The Parties may designate such material as Confidential on an ongoing basis.

## **TERMINATION OF PROCEEDINGS**

29. All provisions of this Protective Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this Action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a Party in possession of Confidential Information, other than that which is contained in unsealed pleadings, correspondence, and deposition transcripts or unless permission to retain Confidential Information is granted in writing by the designating Party, shall either (a) return such information no later than sixty (60) days after conclusion of this Action or any appeal to counsel for the Party who provided such information, or (b) destroy such information within sixty (60) days after conclusion of this Action or any appeal, upon consent of the Party who produced the information and certify in writing within sixty (60) days that the information has been destroyed. The information referred to in this paragraph shall include Confidential Information, whether said material is in counsel's possession or in the possession of any authorized person to whom counsel disclosed such material. However, if counsel for any party believes in good faith that counsel must retain any Confidential Information in accordance with counsel's customary file retention system following the conclusion of this litigation in order to document, for a reasonable length of time not to exceed one (1) year, work performed, advice given, and/or professional judgments made during the course of the litigation then counsel shall give notice to the designating party of its intent to retain such documents and/or information under seal in secure storage for a reasonable length of time in accordance with counsel's customary file retention system, after which time all such documents and/or information shall be destroyed, provided that all Confidential Information provided to any third parties has been retrieved and/or destroyed within sixty (60) days of the termination of this proceeding (absent written agreement with the designating party otherwise). Should the

designating party object to such retention, the Parties agree to present a joint motion to the Court for its determination on retention.

## MODIFICATION PERMITTED

30. Nothing in this Protective Order shall prevent any Party from seeking modification of the terms of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

## RESPONSIBILITY OF ATTORNEYS

31. The counsel for the Parties are responsible for employing reasonable measures, consistent with this Protective Order, to control duplication of, access to, and distribution of copies of Confidential Information.

32. Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any Party to contest the alleged relevancy, admissibility, or discoverability of any Confidential Information.

IT IS SO ORDERED.

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge

APPROVED FOR ENTRY AND CONSENTED TO BY:

*/s/McCann E. LeFeve*
ERIN Wedge LATUSO
*pro hac vice*
McCANN E. LeFEVE
*pro hac vice*
FORMAN WATKINS & KRUTZ LLP
201 St. Charles Avenue, Suite 2100
New Orleans, LA 70170
(504) 799-4383 | Fax: (504) 799-4384
Erin.Latuso@formanwatkins.com
McCann.LeFeve@formanwatkins.com

JAMES R. STOVALL, BPR # 032512
RITCHIE, DILLARD, DAVIES & JOHNSON, P.C.
606 W. Main Street, Suite 300
Post Office Box 1126
Knoxville, TN 37901-1126
Phone: (865) 637-0661
Fax: (865) 524-4623
Email: jstovall@rddjlaw.com
*Attorneys for Plaintiffs*

*/s/Keith D. Stewart*
Keith D. Stewart, BPR #017574
Market Street Law, PLLC
625 Market Street, 7th Floor
Knoxville, TN 37902
(865) 245-08989
Keithdstewart@gmail.com
*Attorneys for Defendants*

15

| | |
|---|---|
| **BL VENTURES DBA BL VENTURES, LLC, REGREY, LLC AND LJG 32, LLC**<br><br>**Plaintiffs,**<br><br>v.<br><br>**APEX MEDICAL, LLC DBA TN PREMIER CARE, IAN CLARKE AND TN PREMIER CARE, LLC,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)  No.: 3:20-cv-139<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# EXHIBIT A
## ACKNOWLEDGEMENT

State of _____

County/Parish of _____

    1.    I, _____, have read and understand the Agreed Protective Order entered in the above-captioned Action (the "Protective Order").

    2.    I understand that confidential documents or other sources of information that have been designated as "CONFIDENTIAL INFORMATION" pursuant to the Protective Order are to be disclosed to me for use by me solely in connection with prosecution or defense of claims involved in this action.

    3.    I promise that I will use the Confidential Information and abide by the provisions of the Protective Order.

    4.    I promise that I will not disclose or discuss such Confidential Information except as set forth in and pursuant to the Protective Order.

5. I understand that I am prohibited by the terms of the Protective Order from entering any Confidential Information onto any electronic storage system unless I am doing so in connection with prosecution or defense of claims involved in this Action.

6. I understand that any use of Confidential Information in any manner contrary to the provisions of the Protective Order or this Acknowledgement may subject me to sanctions by this Court, and I agree to the jurisdiction of this Court to enforce such an order. I expressly consent to the jurisdiction of this Court with respect to enforcement of the Protective Order.

7. I understand that violating the terms of the Protective Order or this Acknowledgement could result in civil sanctions levied by the Court and/or being held in contempt of Court.

8. Within sixty (60) days of final termination of this action (the earlier of execution of a settlement agreement or entry of Judgment), I will return to the counsel of record that provided me the Confidential Information all material still in my possession. I promise that under no circumstances will I retain any originals or duplicate of any Confidential Information. I assume all responsibility for returning the Confidential Information to the counsel of record as set forth herein, and I bear all risks associated with purported loss, destruction, or inadvertent disclosure of such material that has been entrusted to my care.

Date: _____  Signed: _____