UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BL VENTURES d/b/a BL VENTURES, LLC, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>APEX MEDICAL, d/b/a TN PREMIER CARE, et al., )<br>)<br>Defendants. ) | No. 3:20-CV-139-DCP |

## ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 21].

Now before the Court is Plaintiffs' Second Motion to Compel [Doc. 46]. By way of background, Plaintiffs filed a motion to compel [Doc. 30] on March 3, 2021. The Court ordered [Doc. 39] the parties to engage in a meaningful meet and confer in attempt to resolve or narrow the discovery disputes raised in Plaintiffs' motion to compel. Subsequently, the parties filed a joint status report, explaining that Defendants agreed to produce or direct Plaintiffs to the location of seventeen (17) categories of documents. [Doc. 41 at 2-3]. Defendants agreed that if they did not possess the information and/or documents, they would amend their written discovery responses to indicate such. [*Id.* at 3]. Defendants agreed to produce the documents and supplement their responses by April 26, 2021. [*Id.*].

In the instant Motion, Plaintiffs state that they reviewed Defendants' production and that they are unable to determine whether Defendants failed to produce documents or if the documents

simply do not exist. Plaintiffs explain that they discussed the issue with Defendants, and Defendants responded that nothing was being withheld on grounds of privilege other than information subject to HIPAA constraints. *See* [Doc. 46-1] (defense counsel's email to Plaintiffs' counsel). In addition, Defendants noted their objections to some requests and stated that the basis for the objections are set forth in the responses. [*Id*.]. Plaintiffs state that Defendants declined to amend their responses to indicate whether Defendants were withholding documents. Plaintiffs request their reasonable expenses and attorney's fees in pursuing the instant request.

Defendants responded [Doc. 48] that they supplemented their production and that no discovery in response to the seventeen (17) categories of documents is being withheld based on privilege. In support of their position, Defendants attached a letter [Doc. 48-1] addressed to Plaintiffs' counsel, detailing the documents provided in Defendants' production.

Plaintiffs filed a Reply [Doc. 49], arguing that Defendants did not address their (Defendants') prior representation to Plaintiffs that Defendants withheld documents from the production based on HIPAA and that Defendants also raised objections. Plaintiffs state that the letter Defendants attached is not a proper supplementation of the written discovery responses.

The Court finds Plaintiffs' request to compel Defendants to supplement their discovery responses well taken. Here, the parties' joint status report specifically states, "If Defendants do not possess any responsive information and/or documents outlined above, they will amend their written discovery responses to indicate as such." [Doc. 41 at 3]. Further, Rule 34 requires parties to state whether they are withholding information based on objections. Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection."). Defendants did not comply with their agreement or Rule 34. The Court **ORDERS** Defendants to supplement their discovery responses to indicate whether any documents are being

withheld based on their objections within fourteen (14) days of the instant Order. The Court declines to award attorney's fees at this time given that Defendants are not withholding documents—they simply failed to supplement their responses. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii). The Court notes, however, that this is the second time that Defendants have not fully complied with their discovery obligations. *See* [Doc. 39 at 2] (noting that Defendants' objections were boilerplate). The Court **ADMONISHES** Defendants that noncompliance with their discovery obligations in the future may warrant sanctions. Accordingly, Plaintiffs' Second Motion to Compel [**Doc. 46**] is **GRANTED IN PART AND DENIED IN PART.**

    **IT IS SO ORDERED.**

                                      **ENTER:**

                                        Debra C. Poplin
                                        United States Magistrate Judge