UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BL VENTURES d/b/a BL VENTURES, LLC, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:20-CV-139-DCP ) |
| APEX MEDICAL, d/b/a TN PREMIER CARE, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 21].

Now before the Court is Defendants' Motion to Reconsider Ruling on Defendants' Motion to Dismiss for Lack of Diversity Jurisdiction [Doc. 47]. Plaintiffs have responded in opposition [Doc. 48]. Defendants did not file a reply. The Motion is ripe for adjudication. Accordingly, for the reasons set forth below, the Court **DENIES** Defendants' Motion [**Doc. 47**].

By way of background, the Court denied Defendants' previous motion to dismiss [Doc. 45] on May 19, 2021. Specifically, in their original motion to dismiss, Defendants argued that Plaintiffs Brad Schaeffer and Larry Glozier claimed an ownership interest in Defendant Apex Medical, LLC d/b/a TN Premier Care ("Apex Medical"), and therefore, diversity jurisdiction did not exist. Because Defendants did not explain in their motion whether they were challenging diversity based on a factual or facial attack, the Court analyzed diversity under both.

First, the Court reviewed the Amended Complaint and found that Plaintiffs had properly pled diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). With respect to the factual attack, the Court found that the evidence in the record established that the only individual with an ownership

interest in Apex Medical is Defendant Ian Clarke. The Court further found that even if Plaintiffs claimed an ownership interest in Apex Medical, such would not defeat diversity jurisdiction because at the time the Amended Complaint was filed, the ownership interest in Apex Medical was an unresolved issue. [Doc. 45 at 13]. With that background in mind, the Court will turn to the instant Motion.

Defendants request that the Court reconsider its previous Memorandum and Order. "The Federal Rules do not expressly provide for 'Motions for Reconsider.'" *Ne. Ohio Coal. for Homeless v. Brunner,* 652 F. Supp. 2d 871, 877 (S.D. Ohio 2009), *modified on reconsideration sub nom. Ne. Ohio Coal. for the Homeless v. Brunner,* No. C2-06-896, 2009 WL 10663619 (S.D. Ohio July 30, 2009) (quoting *Rodriguez v. Tennessee Laborers Health & Welfare Fund,* 89 Fed. App'x. 949, 959 (6th Cir. 2004)). Nevertheless, a motion to reconsider is only granted in three circumstances as follows: (1) there is an intervening change of controlling law, (2) new evidence is available, or (3) a need to correct a clear error or prevent manifest injustice. *Id.* "Motions for reconsideration are not intended to re-litigate issues previously considered by the Court or to present evidence that could have been raised earlier." *Id.*

Defendants' Motion seeks reconsideration because the Court did not consider that the failure to transfer ownership interest of Apex Medical was due to Plaintiffs' actions. As an initial matter, the Court notes that Defendants did not raise this issue in their original filings, and they do not explain why they failed to raise it earlier. In any event, however, because the primary issue involves the jurisdiction of the Court, the undersigned will consider the merits of Defendants' argument.

Specifically, Defendants acknowledge that Plaintiffs are entitled to a membership interest in Apex Medical but claim that Plaintiffs did not provide Defendants with the necessary details (name, address, and taxpayer identification) to affect the transfer of ownership. Defendants' argument supports the Court's original conclusion. First, Defendants appear to concede that at

this time, Plaintiffs do not have a membership interest in Apex Medical. Further, even if the Court were to find Defendants' allegation true (i.e., that Plaintiffs are to blame), Defendants do not explain how such a finding would defeat diversity jurisdiction. As the Court explained in its previous Memorandum and Order, an unresolved claim for an ownership interest does not defeat diversity jurisdiction. [Doc. 45 at 13]. *See also Celtig, LLC v. Patey*, 326 F. Supp. 3d 1299, 1306 (D. Utah 2018) (finding diversity jurisdiction existed because at the time of the filing of the complaint, membership interests between the parties were not resolved). Defendants also assert that Apex Medical has no objection to transferring 40% membership to an individual or entity as may be identified and designated by this Court or by Plaintiffs "subject to further Order of this Court regarding the issue of forfeiture due to nonperformance." [Doc. 47 at 2]. Again, Defendants' argument reinforces the Court's original conclusion that the membership interests of Apex Medical is an unsettled issue, and therefore, diversity jurisdiction exists. Accordingly, the Court **DENIES** Defendants' Motion to Reconsider Ruling on Defendants' Motion to Dismiss for Lack of Diversity Jurisdiction [**Doc. 47**].[1]

    IT IS SO ORDERED.

                ENTER:

                */s/ Debra C. Poplin*
                Debra C. Poplin
                United States Magistrate Judge

---

[1] The Court notes that in Plaintiffs' Response, they request costs, expenses, and attorney's fees pursuant to 28 U.S.C. § 1927 incurred as a result of Defendants' conduct. Plaintiffs assert that Defendants made inaccurate statements as to when the entity Plaintiffs were formed. The Court does not find that Defendants multiplied the proceedings vexatiously; however, the Court **ADMONISHES** Defendants that future filings that are inaccurate and misleading will warrant sanctions.